**MARCUS & WIESEN, Inc., v. UNIVERSAL BRASSIERE & JUST–RITE CORSET CO., Inc.**

**UNIVERSAL BRASSIERE & JUST–RITE CORSET CO., Inc., et al. v. MARCUS & WIESEN, Inc.**

District Court, S. D. New York.

Dec. 14, 1939.

Dyke & Schaines, of New York City, (Joseph A. Schaines and W. R. Liberman, both of New York City, of counsel), for plaintiff Universal.

Charles Tolleris, of New York City (Maxwell E. Sparrow and Robert M. Kristal, both of New York City, of counsel), for defendant Marcus & Weisen, Inc.

GALSTON, District Judge.

At the trial these two cases were consolidated and the only issue presented is the validity of letters patent No. 2,016,990, issued October 8, 1935 to the patentee, Sam Davis, on an application filed May 7, 1935 on an invention relating to detachable crotch girdles.

The specification recites that the object of the invention is to provide an improved girdle having a readily attachable and detachable crotch piece.

It appears that girdles are generally made of elastic stretching material and are difficult to wash properly; that such girdles are and do become more or less "insanitary", especially in the crotch portion. It is stated that attempts have been made to meet the problem involved by eliminating the crotch piece, but when that is done it is difficult to hold the girdle properly in position.

To overcome the objections the inventor provides a detachable crotch portion.

There is but one claim to the patent. It reads: "A form fitting girdle of elastic material having a cut-out crotch at the front and rear and a detachable crotch piece of inelastic material adapted to fit such cut-out crotch, and cooperative fastening means on said girdle and on said crotch piece for attaching said crotch piece to said girdle, said fastening means on said girdle including an inelastic tape along the sides of the cut-out crotch, said girdle being provided with selvage edges, and two opposite edges of the detachable crotch piece being provided with selvage edges adapted to form a continuation of the selvage edges of the leg portion when in position, the inelastic fastening tape of

848

said girdle holding the elastic girdle in form fitting position enabling the girdle to be used without the crotch piece."

The patentee identified a form of garment in which he had dealt as early as 1931, wherein the crotch piece was stitched to the girdle. Later, but as early as April 1933 he devised, manufactured and sold a similar garment attached in the back but detachable in the front portion by means of a hook and eye.

The prior art also discloses the sale by Wanamaker's in this city of a so-called "Tytee" garment, a combination girdle and "panties" made in one piece. The corset buyer employed by Wanamaker testified to having purchased these garments from Warner Brothers, corset manufacturers, on October 2, 1931. This garment had a jersey crotch piece and the girdle was lastex, an elastic material. In April 1932 such of these garments as Wanamaker had unsold were shipped back to Warner Brothers to have the crotch made removable. The altered garment thus had a detachable crotch piece provided with an elastic tape and snappers.

The Wanamaker-Warner Brothers use is a complete anticipation of the invention of the patent in suit, and is proved by testimony clear and convincing.

Nor would it require any invention to pass from the intermediate form of the Davis combination crotch garment, detachable only in front, to the device disclosed in the patent in suit.

Moreover there is a considerable prior art which would negative invention. The French patent No. 645,649, granted July 3, 1928 to Jardillier and Brochet, discloses a hygienic undergarment "composed of two parts: an undergarment made of any fabric and a bottom part removably attached thereto." In this patent the specification states that such fabric should possess "preferably a certain elasticity". The

removable lower piece is secured to the undergarment by any appropriate means. Australian patent No. 2720, issued January 23, 1931, was for an improvement in bathing costumes, which is interesting merely as showing a combination of top and lower portion. The specification recites: "The invention consists in a bathing costume having the fork and the adjacent inner sides of the leg portions continuously divided, and releasable means for mutually securing the two sides of division, so that when the securing means are released the costume is freed from the crutch of the wearer and may be drawn upwardly over the head."

French patent No. 405,344, issued April 28, 1910, discloses a form-fitting undergarment with a detachable crotch piece.

United States patent No. 1,238,686, to Kimball, granted August 28, 1917, discloses a crotch portion detachably connected to a woman's skirt or petticoat. Patent No. 1,512,171 to Homling for an undergarment, granted July 12, 1922, discloses a garment which embodies an adjustable crotch strip.

Finally it may be observed that the limitation in the claim of the patent in suit which reads: "the inelastic fastening tape of said girdle holding the elastic girdle in form fitting position enabling the girdle to be used without the crotch piece" is not in accordance with the fact. Miss Cromwell, the expert designer of Warner Brothers, was of opinion that the inelastic fastening tape of the crotch will not hold the elastic girdle in form fitting position when the crotch piece is dispensed with.

From the foregoing it must be concluded that the patent is void for want of invention; that it is anticipated by the Wanamaker-Warner use and by the patented prior art.

The complaint will be dismissed.

Submit findings of fact and conclusions of law in conformity with this opinion.